[L. A. No. 521. Department One.—June 15, 1899.]

## H. J. ALLISON, Appellant, v. BOARD OF EDUCATION, et cetera, et al., Respondents.

BOARD OF EDUCATION—EMPLOYMENT OF JANITOR—PREFERENCE OF EX-UNION SOLDIERS—MANDAMUS.—An ex-Union soldier who was employed for one year as janitor by the board of education of a school district, and who, after the expiration of his term of employment, was superseded by another appointee, not preferred under the act of March 31, 1891, providing for the preference of honorably discharged ex-Union soldiers, sailors, and marines of the war of the Rebellion, in appointments for public office, cannot maintain a proceeding in mandate to compel a preference of himself for the appointment without a showing that he was the only man coming under the provisions of the act who was desirous of the appointment.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Rolfe & Rolfe, for Appellant.

*Mandamus* is the proper remedy to enforce the right of preference given by the statute.  (*Sullivan v. Gilroy*, 55 Hun, 285.)

James Hutchings, T. C. Chapman, and J. W. Stephenson, for Respondents.

It not appearing that there are not others equally entitled to the office, and equally desirous of having it, plaintiff does not show any right to the office, or any exclusion from an office to which he is entitled; and he cannot maintain a *mandamus* proceeding.  (Code Civ. Proc., sec. 1085; *State v. Commissioners of Wayne Co.*, 57 Ohio St. 86.)

GAROUTTE, J.—This is a proceeding in mandate to compel the board of education of the city of San Bernardino school district to prefer the plaintiff for appointment and employment as a janitor of the high school building of said city, and to retain and continue him as such, under an act of the legislature, approved March 31, 1891, he being an honorably discharged ex-Union soldier of the war of the Rebellion.  This act is entitled, "An act to provide for, insure and maintain preference in the appointment, employment and retention in public service and public works of the state of California, of honorably discharged ex-Union soldiers, sailors, and marines of the war of the Rebellion."  The petitioner was employed for the period of one year as janitor, and a few days prior to the expiration of the term was discharged and another party appointed to the place. After the expiration of the year he began this proceeding.  A demurrer was sustained to the petition, and this appeal was taken from the judgment entered thereon.

Respondents advance many reasons why the action of the trial court should be sustained.  We will notice but a single one. The life of petitioner's contract with the board of education having expired before this proceeding was inaugurated, the purpose of the writ can only be to compel his appointment to the position by the board of education.  But it appears that no vacancy exists in the position, and, therefore, the mandate sought must not only order an appointment of petitioner, but must first oust the present incumbent, and thereby create a vacancy. Even assuming that the scope of the writ of mandate may be so broad, still the showing made by the petition is not sufficient.

If only a man with the qualifications of petitioner is entitled to the place, and the party filling the place has not those qualifications, still these facts alone do not show a case where petitioner is entitled to the writ. If a man filling the demands set forth in the act of the legislature has the preference, then this petitioner does not show but that there are hundreds of men possessing the qualifications that he possesses who are ready and willing and anxious to be employed as janitor by this board of education. If there be other ex-Union soldiers equally qualified with petitioner, he has no absolute right to the place and the board cannot be compelled by mandate to appoint him. In other words, he would only be entitled to the writ upon a showing made that he was the only man coming within the provisions of the act who was desirous of the appointment. The petition before us entirely fails to make such a showing.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.