WILLIAMS, Director, Etc et v
STATE ex GRIBBENS, and Five Others
(6 cases)

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2278, 2279, 2280, 2281, 2282, 2283.

Decided April 22, 1933

J. L. Davies, City Attorney, Columbus, E. W. McCormick and Charles R. Petree, Assistant City Attorneys, Columbus, and C. C. Williams, Columbus, for plaintiff in error.

Pugh & Pugh, Columbus, for defendant in error.

## OPINION

By THE COURT

Submitted on application of plaintiffs in error for rehearing upon three grounds.

The first proposition presented is that the ordinance effective February 1, 1932, had the effect of abolishing the positions which defendants in error held and that as there was a greater number of appointees than the number of positions provided defendants in error would not have a clear right to the appointment though their resignations were invalid.

In our judgment, the ordinance was purposed to reduce the number of appointees; that in the instances where there was no change in classification it was contemplated there would be merely a reduction of force and not a discharge of employees. In the instant case two of defendants in error held the identical positions provided by the ordinance and no others carried like classification. Their employment was affected in no way by the ordinance.

We do not have a situation where the number of employees from whom choice is to be made is in excess of the number of defendants in error. They are the only ones who are presented to the director for retention. No others have asserted their rights. So that, this court is not confronted with the necessity of requiring the Director to make choice among a greater number than the defendants in error. When they are reinstated the number provided in the ordinance will not be exceeded.

The distinction between the facts of our case and the cases of **State ex Keyser v Commissioners, 57 Oh St, 86,** and Allison v Board of Education, etc. (Cal.) 57 Pac. 673, are apparent.

The right of the supervisory authority to select the members of the class as determined in Moores v State of Nebraska, 54 Neb., 486, was assured to the Director when the ordinance became effective. The other cases cited, in our judgment, in no instance announce a principle at variance with any applied in deciding the instant case. However, we are not ready to concede that if the greater number whose resignations were accepted were asking for relief this court could not require the Director to do that which he is required to do by law, namely, to make choice among all who are eligible for retention; or to put it another way, to indicate which of those in the appointment shall be released.

We perceive no insurmountable difficulty to granting of the prayer in this case in view of the facts. When and if the other employees whose resignations were accepted assert their rights it will be time enough to determine their legal status.

The second proposition is that the ordinance provided a change of methods, consolidation of positions and abolition of jobs in the interest of economy and therefore the ordinance removed the defendants in error from their positions. We have discussed this claim in part under the first proposition urged on behalf of the application for rehearing.

Suffice to say that the ordinance did not change the title or classification of any position held by any defendant in error. If it had we would have another and different question. The old ordinance provided for building inspectors, electrical inspectors, typist Class B and chief building inspector. The new ordinance provided for all of these but for a lesser number of building and electrical inspectors. All places so provided and more were filled, but that fact did not remove all employees who came within the classification. Wherever an office or appointment is characterized in the new ordinance in the same terms as in the old, it must be assumed that the same employment is meant.

The third proposition of the application for rehearing relates to the moving cause of the resignation of defendants in error which subject we considered at length in our former opinion.

The application for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.